IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

RE/MAX, LLC,

    Plaintiff -
    Counter-Defendant,

        v.                    CIVIL NO.: WDQ-10-2367

JEFF UNDERWOOD,

    Defendant -
    Counter-Plaintiff.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

RE/MAX, LLC ("RE/MAX") sued Jeff Underwood for trademark infringement and unfair competition. Underwood counterclaimed for trademark infringement, unfair competition, and related claims. For the following reasons, RE/MAX's motion to dismiss will be granted in part and denied in part; RE/MAX's motion for a more definite statement will be granted; and RE/MAX's motion to strike Underwood's answer and Underwood's motion to dismiss will be denied.

I.   Background[1]

RE/MAX provides real estate brokerage services throughout the nation through a network of franchisees and affiliates.

---

[1] For the motions to dismiss, the well-pled allegations in RE/MAX's complaint and Underwood's counter-complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Compl. ¶ 7. Since at least 1974, in connection with its services, RE/MAX has used a rectangular sign with three horizontal bars: the top is red, the middle is white, and the bottom is blue (the "Red-White-Blue Sign"). *Id.* ¶ 8.

UNcommon Homes, LLC ("UNcommon Homes") is a Maryland company. *See* Compl. ¶ 3. UNcommon Homes provides home improvement and real estate services. *See* Compl. ¶ 2; Counter-compl. ¶¶ 7, 12, 38. RE/MAX alleges that Underwood "personally controls and directs the activities of UNcommon Homes." Compl. ¶ 2.

Since 1973 or 1975, UNcommon Homes has used a "three stripe sign logo" in connection with its home improvement services. Counter-compl. ¶¶ 12, 33. This appears to be a rectangular sign with three horizontal bars: the top is blue, the middle is white, and the bottom is red (the "Blue-White-Red Sign"). *See* Compl. ¶ 19.[2] UNcommon Homes also uses or has used a rectangular sign with two horizontal bars: the top is blue and the bottom is white (the "Blue-White Sign"). *See* ECF No. 13, Ex. 3 at 27-28. Underwood and/or UNcommon Homes own unidentified "common law trademarks." Counter-compl. ¶ 30; *id.* at 9.

In 1992, RE/MAX registered the Red-White-Blue Sign with the United States Patent and Trademark Office. Compl., Ex. A. RE/MAX has also registered other trademarks similar to the Red-White-Blue Sign. *See, e.g.*, Compl., Ex. B.

---

[2] RE/MAX has included a photograph of this sign. Compl. ¶ 19.

In June 2008, RE/MAX learned about the UNCommon Homes Blue-White-Red Sign. Compl. ¶ 19. Since then, RE/MAX has asked Underwood and UNcommon Homes to stop using that "confusingly similar" sign. *Id.* ¶¶ 20-21. They have not. *Id.* ¶ 22.

In 2009, RE/MAX registered the Red-White-Blue Sign with the Maryland Secretary of State. Compl., Ex. C.

On August 26, 2010, RE/MAX sued Underwood and UNcommon Homes for trademark infringement under the Lanham Act[3] and Maryland statutory[4] and common law, and unfair competition under the Lanham Act[5] and Maryland common law.

On November 3, 2010, Underwood filed a *pro se* answer, counter-complaint, and motion to dismiss in one document. ECF No. 13. He counterclaims for Maryland common law trademark infringement and unfair competition, "frivolity," "arbitrar[iness], capriciousness[,] and intimidation," unclean hands, and laches. On November 15, 2010, RE/MAX opposed Underwood's motion to dismiss. ECF No. 16. On November 22, 2010, RE/MAX moved to strike the answer and dismiss the counter-complaint or, in the alternative, for a more definite statement. ECF No. 17.[6]

---

[3] 15 U.S.C. § 1114.

[4] Md. Code Ann., Bus. Reg. § 1-414.

[5] 15 U.S.C. § 1125(a).

[6] Although Underwood attempted to represent UNcommon Homes, individuals in civil cases may only represent themselves, not business

3

II. Analysis

  A. RE/MAX's Motion to Dismiss or, in the Alternative, for a More Definite Statement

    1. Standard of Review

      a. Motion to Dismiss for Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

entities. ECF No. 18; Local Rule 101.1 (Md. 2010). On May 11, 2011, default was entered against UNcommon Homes for failure to respond to the summons and complaint. ECF No. 21.

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

b. Motion for a More Definite Statement

Under Fed. R. Civ. P. 12(e):

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . . If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Unlike a motion to dismiss for failure to state a claim, which attacks the legal sufficiency of a complaint, a motion for a more definite statement focuses on whether a party has "enough information to frame an adequate answer." *Streeter v. SSOE Sys.*, No. WMN-09-CV-01022, 2009 WL 3211019, at *10 (D. Md. Sept. 29, 2009) (citation and internal quotation marks omitted). A motion for a more definite statement challenges the unintelligibility or ambiguity of the complaint, not the adequacy of the allegations to state a claim.[7] A pleading that can survive a motion for a more definite statement "necessarily can withstand" a motion to dismiss. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 n.3 (4th Cir. 2005).

Whether to grant a motion for a more definite statement is "generally left to the district court's discretion." *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973). However, this motion is disfavored because of the liberal pleading

---

[7] *Smith v. McGraw*, No. 10-cv-02310-AW, 2011 WL 1599579, at *5 (D. Md. Apr. 27, 2011); *Frederick v. Koziol*, 727 F. Supp. 1019, 1020-21 (E.D. Va. 1990).

6

standard. *Frederick*, 727 F. Supp. at 1021. If the movant seeks information that is available or properly sought through discovery, the motion should be denied. *Id.*

2. Underwood's Trademark Infringement and Unfair Competition Claims

Count One of Underwood's counter-complaint alleges that RE/MAX has infringed on UNcommon Homes and/or Underwood's Maryland "common law trademarks." Counter-compl. ¶¶ 28, 30. Underwood asserts that RE/MAX's "conduct" is an attempt to trade on UNcommon Homes's goodwill, and is "likely to cause confusion, mistake, or deception as to the source or origin of [RE/MAX's][8] services." *Id.* ¶¶ 28-29.

Count Two, which incorporates Count One, alleges Maryland common law unfair competition. *Id.* ¶¶ 32-34. Underwood asserts that "[RE/MAX's] conduct misappropriates UNcommon Homes['s] valuable intellectual property rights [and] trades on the goodwill symbolized by the distinctive and famous UNcommon Homes mark," thus creating a "likel[ihood of] confusion or deception." *Id.* ¶ 33. Underwood seeks to enjoin RE/MAX from engaging in "unfair competition [regarding] the UNcommon Homes common law trademarks." *Id.* at 9.

---

[8] Although Underwood alleges that RE/MAX is likely to cause confusion as to the source or origin of the "counter-plaintiff's" services, the Court assumes this was a typographical error and that Underwood meant "counter-*defendant*" RE/MAX.

7

In moving to dismiss, RE/MAX asserts that Underwood has failed to state a claim. ECF No. 17 at 4-5. RE/MAX alternatively moves for a more definite statement, and requests that Underwood be ordered to (1) allege which trademarks RE/MAX has infringed, and (2) identify RE/MAX's infringing conduct. *See id.* at 5, 7-8.

To state a Maryland common law claim for trademark infringement or unfair competition, the plaintiff must allege that (1) he owns a trademark, and (2) the defendant's imitation of the trademark is likely to confuse consumers about the source of the goods or services at issue.[9] A defendant's intent to benefit from the goodwill of the plaintiff's trademark may "alone be sufficient to justify a finding of confusing similarity."[10]

Underwood has alleged that UNcommon Homes uses a "three stripe sign logo," Counter-compl. ¶ 12, which appears to be the Blue-White-Red Sign, *see* Compl. ¶ 19. Underwood has also asserted that he and/or UNcommon Homes own multiple trademarks. *See* Counter-compl. ¶ 33; *id.* at 9. It may be inferred that the Blue-White-Red Sign is a trademark owned by him and/or UNcommon Homes.

---

[9] *See Resorts of Pinehurst, Inc. v. Pinehurst Nat'l Corp.*, 148 F.3d 417, 422 (4th Cir. 1998); *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 930 & n.10 (4th Cir. 1995); *Sterling Acceptance Corp. v. Tommark, Inc.*, 227 F. Supp. 2d 454, 460 (D. Md. 2002).

[10] *Seidelmann Yachts, Inc. v. Pace Yacht Corp.*, No. JH-87-3490, 1989 WL 214497, at *17 (D. Md. Apr. 26, 1989) (*citing Chevron Chem. Co. v. Voluntary Purchasing Groups, Inc.*, 659 F.2d 695, 703-04 (5th Cir. 1981)).

It may also be inferred that when Underwood refers to RE/MAX's "conduct" creating a likelihood of confusion as to the source of RE/MAX's services, he is alleging that RE/MAX's use of the Red-White-Blue Sign is likely to confuse consumers about whether RE/MAX's services originate from UNcommon Homes, which uses the Blue-White-Red Sign. *See* Counter-compl. ¶¶ 28, 32-33. Further, Underwood has also alleged that RE/MAX has attempted to trade on the goodwill of the Blue-White-Red Sign or other UNcommon Homes trademarks, which may be dispositive in finding "confusing similarity." *See id.* ¶¶ 29, 33; *Seidelmann*, 1989 WL 214497, at *17. Thus, viewed in the light most favorable to Underwood, he has sufficiently alleged Maryland common law trademark infringement and unfair competition. *See Mylan Labs.*, 7 F.3d at 1134. RE/MAX's motion to dismiss Counts One and Two must be denied.

However, Underwood has alleged that RE/MAX has infringed on and engaged in unfair competition regarding his and/or UNcommon Homes's other, unidentified trademarks. Counter-compl. ¶¶ 28, 32; *id.* at 9. Because it is unclear whether he means the Blue-White Sign or other signs or trademarks, RE/MAX lacks enough information to respond to allegations of multiple trademark infringement. *See Streeter*, 2009 WL 3211019, at *10. RE/MAX's motion for a more definite statement of Counts One and Two will

9

be granted.[11] Within 30 days from the date of the accompanying Order, Underwood shall submit a more definite statement as to Counts One and Two of his counter-complaint. He should identify and describe each trademark that RE/MAX has allegedly infringed,[12] and include a design or photograph of each trademark.

3. Underwood's Frivolity and Arbitrariness Claims

Count Three of the counter-complaint alleges that RE/MAX's claims are frivolous because Underwood has "provided proof" that he has not used signs in connection with real estate services. Counter-compl. ¶ 38. Count Four, captioned "Arbitrar[iness], Capriciousness, and Intimidation," alleges that RE/MAX has "arbitrarily singl[ed] out" Underwood and UNcommon Homes in an effort to "intimidate" them out of business and "illegal[ly] increase market share and economic advantage." *Id.* ¶ 43.

---

[11] *See, e.g., Queen's Harbour Yacht & Country Club Ass'n v. Lee*, No. 309-cv-1256-J-34MCR, 2010 WL 1030740, at *1-*2 (M.D. Fla. Mar. 18, 2010) (denying motion for a more definite statement requesting that the plaintiff specify which of seven *identified* trademarks had been infringed; it was "obvious" from the complaint that plaintiff alleged infringement of all the trademarks).

To the extent RE/MAX moves for a more definite statement about its allegedly infringing conduct, this information is more appropriately sought through discovery. *See, e.g., Frederick*, 727 F. Supp. at 1020 ("[A] motion [for a more definite statement] is not a substitute for the discovery process.").

[12] Paragraph eight of RE/MAX's complaint is an example of how to describe a trademark. *See* Compl. ¶ 8 (alleging that RE/MAX's "mark consist[s] of a rectangular sign displaying three horizontal bars, the top of which is red, the middle of which is white, and the bottom of which is blue").

Because these counts do not state cognizable claims, they must be dismissed.[13]

4. Underwood's Unclean Hands and Laches Claims

Count Five of the counter-complaint alleges that RE/MAX has "unclean hands [because it] is acting unethically and in bad faith." *Id.* ¶ 45. Count Six, captioned "Laches," alleges that RE/MAX has "slept on its rights" and can "no longer [pursue its] original claim[s]." Generally, unclean hands and laches are affirmative defenses.[14] "If a party mistakenly designates a defense as a counterclaim[,] the court must, if justice requires, treat the pleading as though it were correctly designated." Fed. R. Civ. P. 8(c)(2). Underwood's counterclaims for unclean hands and laches will be construed as affirmative defenses in his answer.[15]

Accordingly, RE/MAX's motion to dismiss must be denied on Counts One and Two, and granted on Counts Three and Four.

---

[13] *See, e.g., Mock v. Lockheed Martin Corp.*, No. DKC-09-1370, 2009 WL 3297243, at *3 n.3 (courts may not "ignore a clear failure in [a *pro se*] pleading to allege facts which set forth a claim currently cognizable").

[14] *See, e.g., ABC, Inc. v. PrimeTime 24*, 184 F.3d 348, 355 n.2 (4th Cir. 1999); *Knickman v. Prince George's Cnty.*, 187 F. Supp. 2d 559, 565 (D. Md. 2002); *Inlet Assocs. v. Assateague House Condo. Ass'n*, 313 Md. 413, 423, 545 A.2d 1296, 1301 (1988).

[15] In his answer, Underwood also "mo[ves] to dismiss" RE/MAX's complaint based on laches. ECF No. 13 at 8. As discussed in this section and Part II.C, his laches defense is more appropriately construed as an affirmative defense.

Counts Five and Six will be construed as affirmative defenses in Underwood's answer. RE/MAX's motion for a more definite statement of Counts One and Two will be granted.

B. RE/MAX's Motion to Strike Underwood's Answer

RE/MAX moves to strike Underwood's answer. ECF No. 17 at 2-4.[16] RE/MAX argues that the answer "fails to admit or deny each of the allegations asserted [in its complaint, so] RE/MAX is without sufficient notice as to which of the allegations . . . are at issue." *Id.* at 2. For example, paragraph two of RE/MAX's complaint alleges that Underwood is a Maryland resident who controls and directs UNcommon Homes, and provides real estate brokerage services himself and through UNcommon Homes in Maryland. Compl. ¶ 2. Underwood does not admit, deny, or state that he lacks knowledge about these allegations.

Under Fed. R. Civ. P. 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because RE/MAX has not asserted that Underwood's answer suffers from any of these defects, its motion to strike will be denied. *See, e.g., Calloway*

---

[16] To the extent RE/MAX moves for a more definite statement of the answer, a party may only move for a more definite statement of "a pleading to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e). A party may not file a responsive pleading to an answer unless ordered by the Court, which has not happened. Fed. R. Civ. P. 7(a)(7); *see also Reid v. Doubleday & Co.*, 109 F. Supp. 354, 356 (N.D. Ohio 1952).

12

*v. S.C. Dep't of Corr.*, No. 4:06-3356-TLW-TER, 2007 WL 2822424 (D.S.C. Sept. 26, 2007).

However, because RE/MAX correctly asserts that the answer fails to address each of its allegations, Underwood will be ordered to amend it.[17] Under Rule 8(b) of the Federal Rules of Civil Procedure, an answer must "admit or deny the allegations asserted [in the complaint]." Fed. R. Civ. P. 8(b)(1)(B). Any allegation that is not denied is admitted as true. Fed. R. Civ. P. 8(b)(6). If the defendant intends in good faith to deny only part of an allegation, he must "admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). If he "lacks knowledge or information sufficient to form a belief about the truth of an allegation," he must so state, which will have the effect of denying the allegation. Fed. R. Civ. P. 8(b)(5). Under Rule 10(b), the defendant should format his answer by using numbered paragraphs corresponding to each paragraph in the complaint. *See* Fed. R. Civ. P. 10(b).

Accordingly, within 30 days from the date of the accompanying Order, Underwood shall amend his answer to comply with Rules 8(b) and 10(b) of the Federal Rules of Civil Procedure. For example, paragraph two of Underwood's amended answer should admit,

---

[17] *See, e.g., Victors v. Kronmiller*, 553 F. Supp. 2d 533, 554-55 (D. Md. 2008) (requiring answer that "[did] not specifically address any paragraphs of plaintiffs' complaint" to be amended instead of stricken).

deny, or state that he lacks sufficient knowledge to form a belief about the truth as to whether Underwood (1) is a Maryland resident (2) who "personally controls and directs the activities of UNcommon Homes," and (3) provides real estate brokerage services himself and through UNcommon Homes (4) in Maryland. *See* Compl. ¶ 2. If Underwood intends to deny part of this or any other paragraph in RE/MAX's complaint, he must admit the section of the paragraph that is true, and state that he denies or lacks sufficient knowledge to form a belief about the truth of the remainder of the paragraph. *See* Fed. R. Civ. P. 8(b)(4).

C. Underwood's Motion to Dismiss[18]

In the document containing his answer, Underwood "mo[ves] to dismiss" RE/MAX's complaint for failure to state a claim based on laches. ECF No. 13 at 8. A motion to dismiss for failure to state a claim must be filed before the answer. *See* Fed. R. Civ. P. 12(b). Further, such a motion generally cannot reach the merits of an affirmative defense such as laches.[19] The "rare" exception is when all the facts necessary to the defense "clearly appear on the face of the complaint." *Goodman*, 494 F.3d at 464 (citation and internal quotation marks omitted).

---

[18] Part II.A.1.a discusses the standard of review for a motion to dismiss for failure to state a claim.

[19] *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Bethesda Softworks, LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2010 WL 3781660, at *9 (D. Md. Sept. 23, 2010).

A claim is barred by laches when the plaintiff unreasonably delayed pursuing it, resulting in prejudice to the defendant. *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 409 (4th Cir. 2005); *Liddy v. Lamone*, 398 Md. 233, 244, 919 A.2d 1276, 1283 (2007). There is no indication on the face of RE/MAX's complaint that it waited too long to pursue its claims. *See, e.g., Charter Oak Fire Ins. Co. v. Am. Capital, Ltd.*, No. DKC-09-0100, 2011 WL 856374, at *16 (D. Md. Mar. 9, 2011). As explained in Part II.A.4, Underwood's laches "counterclaim" will be construed as an affirmative defense in his answer. Underwood's "motion to dismiss" must be denied.

III. Conclusion

For the reasons stated above, RE/MAX's motion to dismiss will be granted in part and denied in part; RE/MAX's motion for a more definite statement will be granted; and RE/MAX's motion to strike Underwood's answer and Underwood's motion to dismiss will be denied. Within 30 days from the date of the accompanying Order, Underwood shall (1) submit a more definite statement of Counts One and Two of his counter-complaint, and (2) amend his answer.[20]

_5/24/11_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge

---

[20] As explained in Part II.A.2, B.