IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| RE/MAX, LLC | * | |
| Plaintiff-Counter-Defendant, | * | |
| v. | * | CIVIL NO.: WDQ-10-2367 |
| JEFF UNDERWOOD, | * | |
| Defendant-Counter-Plaintiff. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

RE/MAX, LLC ("RE/MAX") sued Jeff Underwood and UNcommon Homes, LLC, ("UNcommon Homes") for trademark infringement and unfair competition. For the following reasons, the Court will grant RE/MAX's motion to amend its complaint, and deny as moot Underwood's motion to dismiss, and RE/MAX's motion to strike Underwood's amended answer.

I. Background

RE/MAX provides real estate brokerage services nationwide through a network of franchisees and affiliates. Compl. ¶ 7. Since 1974, RE/MAX has marketed its services using a rectangular sign with three horizontal bars: the top is red, the middle is white, and the bottom is blue (the "Red-White-Blue Sign"). Compl. ¶ 8. The company asserts that, in 1992 it registered the

Red-White-Blue Sign with the United States Patent and Trademark Office. Compl., Ex. A. RE/MAX has also registered other trademarks similar to the Red-White-Blue Sign. *See, e.g.,* Compl., Ex. B.

UNcommon Homes is a Maryland company that provides home improvement and real estate services. Compl. ¶¶ 2 and 3; Am. counter-compl. ¶ 9. It has marketed its services with a rectangular sign with three horizontal bars: the top is blue, the middle is white, and the bottom is red (the "Blue-White-Red Sign"). Compl. ¶ 19.[1]

In June 2008, RE/MAX learned about the UNcommon Homes Blue-White-Red Sign. Compl. ¶ 19. In 2009, RE/MAX registered the Red-White-Blue Sign with the Maryland Secretary of State. Compl., Ex. C.

On August 26, 2010, RE/MAX sued Underwood and UNcommon Homes for trademark infringement under the Lanham Act[2] and Maryland statutory[3] and common law, and unfair competition under the Lanham Act[4] and Maryland common law.

---

[1] RE/MAX has included a photograph of this sign. Compl. ¶ 19.
[2] 15 U.S.C. § 1114.
[3] Md. Code Ann., Bus. Reg. § 1-414.
[4] 15 U.S.C. § 1125(a).

On November 3, 2010, Underwood filed a *pro se*[5] answer, counter-complaint, and motion to dismiss in one document. ECF No. 13. He counterclaimed for Maryland common law trademark infringement and unfair competition, "frivolity," "arbitrar[iness], capriciousness[,] and intimidation," unclean hands, and laches. On November 15, 2010, RE/MAX opposed Underwood's motion to dismiss. ECF No. 16. On November 22, 2010, RE/MAX moved to strike the answer and dismiss the counter-complaint or, in the alternative, for a more definite statement. ECF No. 17.

On May 24, 2011, the Court dismissed Underwood's frivolity and arbitrariness claims, denied RE/MAX's motion to strike Underwood's answer, denied Underwood's motion to dismiss, and construed Underwood's unclean hands and laches claims as affirmative defenses in his answer. ECF No. 23 at 1. The Court also granted RE/MAX's motion for a more definite statement, ordering Underwood to (1) submit a more definite statement of his remaining claims (trademark infringement and unfair competition), and (2) amend his answer to comply with Rules 8(b)[6]

---

[5] Although Underwood attempted to represent UNcommon Homes, individuals in civil cases may only represent themselves, not business entities. ECF No. 18; Local Rule 101.1 (Md. 2010). On May 11, 2011, default was entered against UNcommon Homes for failure to respond to the summons and complaint. ECF No. 21.

[6] As the Court explained in its accompanying memorandum opinion,

and 10(b)[7] of the Federal Rules of Civil Procedure.  *Id.* at 2.

On June 23, 2011, Underwood filed an amended answer and counterclaims.  ECF No. 24.  On July 7, 2011, RE/MAX moved to strike them.  ECF No. 28.

On August 11, 2011, RE/MAX moved to amend its complaint.  ECF No. 32.  On September 7, 2011, Underwood opposed that motion, ECF No. 34, and RE/MAX filed a reply on September 26, 2011, ECF No. 35.

On December 15, 2011, Underwood moved to dismiss.  ECF No. 43.  RE/MAX opposed that motion.  ECF No. 44.[8]

---

    [u]nder Rule 8(b) of the Federal Rules of Civil Procedure, an answer must "admit or deny the allegations asserted [in the complaint]."   Fed. R. Civ. P. 8(b)(1)(B).   Any allegation that is not denied is admitted as true.  Fed. R. Civ. P. 8(b)(6).  If the defendant intends in good faith to deny only part of an allegation, he must "admit the part that is true and deny the rest."  Fed. R. Civ. P. 8(b)(4). If he lacks knowledge or information sufficient to form a belief about the truth of an allegation," he must so state, which will have the effect of denying the allegation.  Fed. R. Civ. P. 8(b)(5).

ECF No. 22 at 13.

[7] Under Rule 10(b), the defendant's answer should contain numbered paragraphs corresponding to each paragraph in the complaint.  *See* Fed. R. Civ. P. 10(b).

[8] Underwood has not filed a reply, and the time has passed.  *See* Local Rule 105.2 (reply must be filed within 14 days after service of the opposition).

II. Analysis

  A. RE/MAX's Motion to Amend the Complaint

The Court "should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile."[9] An amendment is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

RE/MAX moved to amend the complaint to add a claim to cancel Underwood's federal trademark registration number, 3,977,389, which covers a "flag style" design (the "Flag Sign") with three swaths of color: blue at the top, white in the middle, and red on the bottom.[10] ECF No. 32 at 5. RE/MAX contends that Underwood's application was filed on October 28, 2010, it matured into the registration on June 14, 2011, and RE/MAX was aware of neither the application nor the registration

---

[9] *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (internal citation and quotation marks omitted).

[10] RE/MAX included a photo of the design in its proposed amended complaint. *See* ECF No. 32, Ex. B at 6. Underwood describes the design as "flag style." *See* ECF No. 34-1 at 3. The blue, white, and red appear in three wavy bands; there are three straight-line, horizontal bands in the Blue-White-Red Sign. *See id.* at 5-6.

until a July 11, 2011 telephone conference between the parties. *Id.*

In his opposition, Underwood focused on the merits of the proposed new claim, arguing that the flag style design is "quite dissimilar" to the RE/MAX trademark, his design is not used for real estate services, and the "Trademark Commission . . . found no conflicts." ECF No. 34-1 at 1-2; ECF No. 34-2 at 8.

To the extent that Underwood is arguing the futility of RE/MAX's amendment, the Court believes that the amendment states a claim.  To state a claim for trademark infringement under the Lanham Act, a plaintiff must allege that it "owns a valid and protectable mark, and that the defendant's use of a 'reproduction, counterfeit, copy, or colorable imitation' of that mark creates a likelihood of confusion."[11]  Likelihood of confusion is also a ground for cancelling the registration of the defendant's trademark.[12]  Here, RE/MAX has alleged in the proposed amended complaint that it has been using the Red-White-Blue Sign since 1974, it owns the trademark for that sign, Underwood's Flag Sign mark is "confusingly similar in appearance," and Underwood's mark was registered after RE/MAX's. *See* 32-1 at 3, 10.  Because this is sufficient to survive a

---

[11] *See George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009) (*quoting* 15 U.S.C. 1114(1)).

[12] *Opryland USA Inc. v. Great Am. Music Show, Inc.*, 970 F.2d 847, 850 (Fed. Cir. 1992).

motion to dismiss,[13] the amendment is not futile. *See Perkins*, 55 F.3d at 917.

Underwood has not argued that RE/MAX has moved to amend the complaint in bad faith, or that the amendment would be prejudicial. *See Matrix Capital Mgmt. Fund, LP*, 576 F.3d at 193. The amendment would neither "change the character of litigation,"[14] nor "shift the theory of the case" so that Underwood would have "to engage in costly additional discovery."[15] Accordingly, the Court will grant RE/MAX leave to amend the complaint.

B. RE/MAX's Motion to Strike and Underwood's Motion to Dismiss

"As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (internal citation and quotation marks omitted). Thus, "no

---

[13] *See, e.g., Monster Daddy, LLC v. Monster Cable Prods., Inc.*, Case No. 6:10-1170-HMH, 2011 WL 494626, at *2 (D.S.C. Feb. 7, 2011) (plaintiff stated a claim for trademark cancellation when it alleged that its use of a trademark predated the defendant's trademark, and the two trademarks were so similar as to cause a likelihood of confusion).

[14] *Equal Rights Ctr. V. Archstone Smith Trust*, 603 F. Supp. 2d 814, 818 (D. Md. 2009).

[15] *Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 301 (D. Md. 2009). Discovery is open in this case until March 8, 2012. ECF No. 42 at 2.

motion of any kind can now be addressed to the original complaint[,] as it performs no function in the action."[16]

Because the Court will grant RE/MAX's motion to amend the complaint, it will deny as moot RE/MAX's motion to strike Underwood's amended answer,[17] and Underwood's motion to dismiss.[18]

---

[16] *United States v. Shofner Iron & Steel Works*, 71 F. Supp. 161, 162 (D. Or. 1947). *Accord Ohio River Valley Envtl. Coalition, Inc. v. Timmermeyer*, 66 F. App'x 468, 471 (4th Cir. 2003) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.") (internal citation and quotation marks omitted).

[17] RE/MAX has conceded that its motion to strike Underwood's amended answer is moot if the Court allows it to amend the complaint. *See* ECF No. 32 at 5. If the original complaint has no legal effect, *see Young*, 238 F.3d at 572, neither does the amended answer filed in response to that complaint. *See also* Fed. R. Civ. P. 15(a)(3) (requiring a party to respond to an amended pleading within 14 days or the time set by the Court).

[18] *See Cleaning Auth., Inc. v. Neubert*, 739 F. Supp. 2d 807, 809 n.5 (D. Md. 2010) (defendant's motion to dismiss was mooted when the plaintiff filed its amended complaint); *Balt-Wash. Tel. Co. v. Hot Leads Co.*, 584 F. Supp. 2d 736, 738 (D. Md. 2008) ("Plaintiff was granted leave to amend its Complaint, and therefore the Defendants' first Motion to Dismiss was denied as moot.").

Had the Court not granted RE/MAX's motion to amend the complaint, the Court would have denied Underwood's untimely motion to dismiss. As in his initial pleading, Underwood has included in his amended complaint a "[motion] to dismiss" for failure to state a claim based on laches. ECF No. 24 at 12. A motion to dismiss for failure to state a claim must be filed before the answer. *See* Fed. R. Civ. P. 12(b). As the Court explained in its May 24, 2011 order, *see* ECF No. 22 at 14-15, a motion to dismiss generally cannot resolve an affirmative defense such as laches, *see Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

III. Conclusion

For the reasons stated above, the Court will grant RE/MAX's motion to amend its complaint, and deny as moot Underwood's motion to dismiss, and RE/MAX's motion to strike Underwood's amended answer.

___1/31/12___  
Date

_____  
William D. Quarles, Jr.  
United States District Judge